***FILED***

6:08 pm, Jan 22, 2021

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

SPN:EAG/FTB
F. #2018R02344

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

BRYAN CHO,
        also known as "Yong Hee Cho,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

**1:21-cr-00040 (AMD)(RML)**
Cr. No. _____
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(6)(A), 982(b)(1), 1001(a)(2),
1028A(a)(1), 1028A(b), 1028A(c)(5),
1028A(c)(7), 1343, 1349, 1546, 2 and
3551 et seq.; T. 21, U.S.C., § 853(p); T.
28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

        At all times relevant to this Indictment, unless otherwise indicated:

        1.      The defendant BRYAN CHO, also known as "Yong Hee Cho," has been employed as a Special Agent with the Internal Revenue Service Criminal Investigation ("IRS-CI") since 2008.   In his capacity as a Special Agent with IRS-CI, CHO was assigned investigations of individuals and entities for crimes that were venued in the Eastern District of New York and Southern District of New York.

        2.      In or about 2018, law enforcement agents in South Korea commenced an investigation into corruption by public officials at South Korea's National Intelligence Service ("NIS") and National Tax Service ("NTS").   In connection with that investigation, law enforcement agents received information that the defendant BRYAN CHO received bribe payments from public officials at NIS and NTS in exchange for providing these public officials with information CHO had obtained through his employment as a Special Agent with IRS-CI.

In or about 2018, while CHO was visiting Asia for personal reasons, law enforcement agents from South Korea contacted CHO and sought to question him about his knowledge of and participation in the alleged bribery scheme.

      3.     In connection with his role as a Special Agent with IRS-CI, the defendant BRYAN CHO participated in an investigation into alleged criminal activities of John Doe, an individual whose identity is known to the Grand Jury.   The investigation of John Doe was eventually closed without any charges having been brought.   Thereafter, CHO used identification documents and pedigree information of John Doe to create foreign identification documents with John Doe's name and CHO's photograph, including the following:

      (a)     A purported passport from the Republic of the Marshall Islands for John Doe.   The issuance date of the passport was March 14, 2014 and the expiration date was listed as March 14, 2019.

      (b)     A purported identification document identifying John Doe as a "Professional" for the "Republic of the Philippines, Department of Transportation & Communication Land Transportation Office East Ave Quezon City."   The expiration date was listed as June 23, 2017.   A photograph of CHO was apparent on the identification card.

      (c)     A purported "Republic of Marshall Islands Identification Card" in the name of John Doe.   The expiration date was listed as March 14, 2018.   A photograph of CHO was apparent on the identification card.

      (d)     A purported passport from the Republic of Guinea-Bissau for John Doe.   The issuance date of the passport was March 21, 2014 and the expiration date was listed as March 21, 2019.

4.      In or about September 2018, the defendant BRYAN CHO submitted a completed Form SF85P as part of the re-investigation of CHO by the National Background Investigations Bureau ("NBIB"), a division of the Office of Personnel Management ("OPM"). In May 2019, CHO participated in an interview with an investigator who was conducting the re-investigation of CHO.   In the Form SF85P and the interview, CHO made the following false, fraudulent and misleading statements, in part and in substance:

(a)      In the Form SF85P, CHO stated that he had not used any names other than "Bryan Cho" or his given name, "Yong Hee Cho."

(b)      During the interview, CHO stated that he did not have any foreign interests, accounts, businesses, properties or inheritances.

(c)      During the interview, CHO stated that he did not possess any foreign identification documents (aside from a South Korean passport that he surrendered in connection with his naturalization as a United States citizen).

(d)      During the interview, CHO denied interacting with any government officials when he was overseas during his personal travel.

(e)      During the interview, CHO failed to disclose that he was a subject of a criminal investigation in South Korea.

5.      On or about July 19, 2019, the defendant BRYAN CHO and his spouse entered into a contract to purchase shares of a cooperative in New York, New York.   For the sale to be effected, the contract required CHO and his spouse to be approved by the board of the cooperative in Manhattan (the "Manhattan Cooperative Board").   To obtain approval by the Manhattan Cooperative Board, CHO and his spouse were required to submit, among other items,

a completed application, letters of reference, copies of prior bank statements, copies of prior tax returns and proof of employment (together, the "Board Application").

6.      The Board Application included the following false and fraudulent information, in part and in substance:

(a)      An application form stated that the defendant BRYAN CHO was employed by the IRS and had an average annual income in 2018 and 2019 of approximately $165,000, whereas, as CHO then and there well knew and believed, CHO's average annual income in 2018 and 2019 was materially less than $165,000.

(b)      A memorandum, purportedly signed by Jane Doe, an individual whose identity is known to the Grand Jury, stated that it was authored by Jane Doe in Human Resources at the IRS Payroll Center, that CHO was a "Senior Special Agent" and that CHO earned an annual salary of $164,045, whereas, as CHO then and there well knew and believed, Jane Doe was not in Human Resources at the IRS Payroll Center, CHO was not a "Senior Special Agent" and CHO earned an annual salary that was materially less than $164,045.

(c)      An application form stated that CHO's spouse was employed by "SUNAC Natural Market" and had an average annual income in 2018 and 2019 of $110,000, whereas, as CHO then and there well knew and believed, CHO's spouse was not employed by SUNAC Natural Market.

(d)      A copy of CHO and his spouse's purported U.S. Individual Income Tax Return Form 1040 (the "Form 1040") for the tax year 2016 listed a combined income from wages and salaries of $276,108, whereas, as CHO then and there well knew and believed, the Form 1040 that CHO and his spouse submitted to the IRS for the tax year 2016 listed a combined income from wages and salaries of $111,261.

(e)     A copy of CHO and his spouse's purported Form 1040 for the tax year 2017 listed a combined income from wages and salaries of $285,432, whereas, as CHO then and there well knew and believed, the Form 1040 that CHO and his spouse submitted to the IRS for the tax year 2017 listed a combined income from wages and salaries of $115,446.

(f)     A copy of CHO and his spouse's purported Form 1040 for the tax year 2018 listed a combined income from wages and salaries of $276,118, whereas, as CHO then and there well knew and believed, the Form 1040 that CHO and his spouse submitted to the IRS for the tax year 2018 listed a combined income from wages and salaries of $120,618.

(g)     CHO submitted a "Financial Statement" as part of the Board Application that was signed by both CHO and CHO's spouse on August 30, 2019 and that purported to be a "true and accurate statement of [their] financial condition."  The Financial Statement stated that CHO's spouse had $2,246,600 in "Cash in banks."  Attached to the Financial Statement was what purported to be a Capital One account statement for a checking account in the name of CHO's spouse that showed a balance of $2,411,600 as of June 30, 2019, whereas, as CHO then and there well knew and believed, the actual balance for the account as of June 30, 2019 was $2,600.

7.     Thereafter, based on the Board Application, the Manhattan Cooperative Board approved the defendant BRYAN CHO and his spouse's application to purchase shares of the cooperative, and on or about November 1, 2019, CHO and his spouse purchased the shares for $1.65 million in cash.

## COUNT ONE
(Making and Possessing a False Foreign Passport –
Republic of Guinea-Bissau)

8.      The allegations contained in paragraphs one through four are hereby

realleged and incorporated is if fully set forth in this paragraph.

9.      On or about September 24, 2018, within the Southern District of New

York, the defendant BRYAN CHO, also known as "Yong Hee Cho," did knowingly and

intentionally forge, counterfeit, alter and falsely make a document prescribed by statute and

regulation for entry into and as evidence of authorized stay or employment in the United States,

to wit: a passport from the Republic of Guinea-Bissau in the name of John Doe and containing a

photograph of CHO, and possess such document, knowing it to be forged, counterfeited, altered

and falsely made, and to have been procured by means of one or more false claims and

statements, and to have been otherwise procured by fraud and unlawfully obtained.

(Title 18, United States Code, Sections 1546 and 3551 et seq.)

## COUNT TWO
(Aggravated Identity Theft – John Doe)

10.      The allegations contained in paragraphs one through four are hereby

realleged and incorporated as if fully set forth in this paragraph.

11.      On or about and between September 24, 2018 and May 17, 2019, both

dates being approximate and inclusive, within the Southern District of New York, the defendant

BRYAN CHO, also known as "Yong Hee Cho," during and in relation to the crime charged in

Count One, did knowingly and intentionally possess, without lawful authority, a means of

identification of another person, to wit: John Doe, knowing that the means of identification belonged to John Doe.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(7) and 3551 et seq.)

## COUNTS THREE TO SIX
(False Statements)

12.     The allegations contained in paragraphs one through four are hereby realleged and incorporated as if fully set forth in this paragraph.

13.     On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant BRYAN CHO, also known as "Yong Hee Cho," did knowingly and willfully make the following materially false, fictitious and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the re-investigation of CHO in connection with his continued employment as a Special Agent with IRS-CI, as set forth below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF STATEMENT |
|-------|------------------|--------------------------|
| THREE | September 25, 2018 | CHO reported that he had not used any names other than the names "Bryan Cho" and "Yong Hee Cho." |
| FOUR | May 21, 2019 | CHO reported that he had no foreign interests, accounts, businesses, properties or inheritances. |
| FIVE | May 21, 2019 | CHO reported that he had no foreign documents of any kind (aside from a South Korean passport that he surrendered in 2003). |
| SIX | May 21, 2019 | CHO denied interacting with any government officials while overseas during his personal travel. |

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

COUNT SEVEN
(Wire Fraud – Continued Employment with the IRS)

14.     The allegations contained in paragraphs one through four are hereby reicalleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between September 2018 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRYAN CHO, also known as "Yong Hee Cho," together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit: submission of his Form SF85P.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT EIGHT
(Wire Fraud Conspiracy – Approval from a Manhattan Cooperative Board)

16.     The allegations contained in paragraphs five through seven are hereby realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRYAN CHO, also known as "Yong Hee Cho," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Manhattan Cooperative Board, and to obtain property from the Manhattan Cooperative Board by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice did transmit and cause to be

transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit: electronic submission of an application and supporting documentation, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT NINE
(Wire Fraud – Approval from a Manhattan Cooperative Board)

18.     The allegations contained in paragraphs five through seven are hereby realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRYAN CHO, also known as "Yong Hee Cho," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Manhattan Cooperative Board and to obtain property from the Manhattan Cooperative Board by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit: electronic submission of an application and supporting documentation.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT TEN
(Aggravated Identity Theft – Jane Doe)

20.     The allegations contained in paragraphs five through seven are hereby realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

BRYAN CHO, also known as "Yong Hee Cho," during and in relation to the crimes charged in Counts Eight and Nine, did knowingly and intentionally possess, without lawful authority, a means of identification of another person, to wit: Jane Doe, knowing that the means of identification belonged to Jane Doe.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

22.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6)(A), which requires the forfeiture of (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense; and (b) any property, real or personal, that: (i) constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (ii) is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

23.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SEVEN THROUGH NINE

24.     The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Seven through Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

25.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2018R02344
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

BRYAN CHO,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(6)(A), 982(b)(1), 1001(a)(2), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1028A(c)(7), 1343, 1349, 1546, 2 and 3551 *et seq.*; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Elizabeth Geddes and F. Turner Buford, Assistant U.S. Attorneys (718) 254-7000*