EAG/FTB
F. #2018R02344

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

BRYAN CHO,
    also known as "Yong Hee Cho,"

    Defendant.

– – – – – – – – – – – – – – – – X

[PROPOSED] PROTECTIVE ORDER

21-CR-040 (AMD)

PROTECTIVE ORDER
GOVERNING THE DISCLOSURE OF
CONFIDENTIAL INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect personal identifying information ("PII") entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16, and with the consent of the parties, ORDERED as follows:

(1) **Production of Confidential Information By The United States**

The United States may produce material that either explicitly contains or effectively reveals certain PII (including addresses, telephone numbers, email addresses, dates of birth, passport numbers, Social Security account numbers or other identifying numbers, photographs, contact information, and bank account numbers and other identifying financial information) of other individuals, pursuant to the defendant's discovery requests.

1

Upon producing any such material to the defendant, the United States shall designate the material as confidential ("the Confidential Material"). The defendant may challenge the confidential designation. Absent permission from the Court, the defendant and his attorneys shall not disclose or show Confidential Material to anyone other than: (i) the defendant; (ii) the defendant's attorneys and their employees; (iii) outside experts or consultants retained for the purposes of this case, provided that no disclosure shall occur until each such expert or consultant has been provided with a copy of this Order and agreed in writing to abide by it; (iv) independent copying services and other independent litigation support services retained for purposes of this case, provided that no disclosure shall occur until any such service has been provided with a copy of this Order and agreed in writing to abide by it; (v) persons who are identified by the relevant document as an author, sender, or recipient of such document in the ordinary course of business; (vi) persons whose own PII is referenced in the relevant document (provided the relevant document does not contain the PII of any other person or such information can be redacted prior to disclosure); (vii) any person with whom the defendant has entered into a joint defense agreement, provided that any such person has been provided with a copy of this Order and agreed in writing to abide by it; and (viii) the Court and persons employed by the Court. The parties shall not file documents containing Confidential Material or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all Confidential Material has been removed or redacted in accordance with Federal Rule of Criminal Procedure 49.1. Within 90 days of the final conclusion of this litigation, the defendant shall return the Confidential Material and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the Confidential Material, to counsel for the United

States, or shall destroy them and certify in writing to counsel for the United States that the Confidential Material has been destroyed.

(2) **Confidential Information in Open Court**

The procedures for use of Confidential Material during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider, among other things, redacting Confidential Material to remove individual identifiers and other confidential information, making a request to the Court to submit such documents under seal, coding the documents to substitute a numerical or other designation for identifying information, requesting that any exhibit be placed under seal, and introducing summary evidence where practicable which may be more easily redacted. No party shall disclose Confidential Material in open Court without prior consideration by the Court, which either party may elect to seek on an ex parte basis.

(3) **No Waiver**

The failure to designate any materials as provided in paragraph (1) shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(4) **No Ruling on Discoverability Nor Admissibility**

This Protective Order does not constitute a ruling on the question of whether

any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED.

Dated: Brooklyn, New York
February 18, 2021

s/Ann M. Donnelly
_____
HON. ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK