# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 929.294.2545
DIRECT EMAIL mmiller@kaplanhecker.com

March 3, 2021

**VIA ECF**

The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *U.S. v. Cho*, No. 21-cr-0040-AMD

Dear Judges Kuo and Bloom:

  We represent Bryan Cho in the above-captioned proceeding and write to renew the bail application previously presented to Judge Bloom, with the addition of two sureties who are prepared to sign a bond. As presented at the hearing before Judge Bloom, Mr. Cho was ordered detained at his presentment before Judge Pollak, who granted leave for Mr. Cho to make a further application for release (Jan. 26, 2021 Hr'g Tr. at 21:12-20, 24:5-9, attached to this letter as Exhibit A). Mr. Cho's bail application (the "Bail Application," attached to this letter as Exhibit B) was submitted to Judge Bloom as the duty magistrate on February 10, 2021, and Judge Bloom heard argument on February 11. During the oral argument, Judge Bloom indicated that she believed Mr. Cho was bailable and that she was "prepared to sign a bond" if Mr. Cho presented additional sureties to co-sign the $2,000,000 personal recognizance bond included in the bail package. (Feb. 11, 2021 Hr'g Tr. at 23:13-19, attached to this letter as Exhibit C).

  Since that time, we have located two additional sureties prepared to sign the bond on Mr. Cho's behalf and therefore seek to present Mr. Cho's renewed application. In addition, we write to inform the Court that since the submission of the Bail Application, Mr. Cho has continued to suffer significant negative impacts due to his detention at the Metropolitan Detention Center (the "MDC").

I. <u>Proposed Bail Package and Additional Sureties</u>

As set forth in the Bail Application (Ex. B at 9), Mr. Cho originally proposed the following bail package:

- A $2,000,000 personal recognizance bond cosigned by Mr. Cho's wife and secured by co-op shares in Mr. Cho's family home, an apartment in a building in Manhattan that was purchased in 2019 for $1,650,000, and $200,000 in cash, which can be secured in a segregated bank account;

- Home confinement at Mr. Cho's apartment and electronic and/or GPS monitoring; and

- The surrender of Mr. Cho's passport and those of his wife and children.

Since the initial submission of the bail application, we have identified two additional sureties willing to cosign the bond:

Ji ("Austin") Song, an independent tax preparer and provider of continuing education classes for other certified tax professionals, is a former colleague of our client, who served with Mr. Cho at the Internal Revenue Service ("IRS"). Mr. Song has known Mr. Cho for over sixteen years. The company that Mr. Song founded, TaxSmarter, is located in Union City, New Jersey. We are prepared to provide information about Mr. Song's income and assets to the Court; that information has already been provided to the Government. Mr. Song is a U.S. citizen.

Jong Lee, a Presbyterian minister, is a longtime friend of Mr. Cho's family through Mr. Cho's father. Mr. Lee has known Mr. Cho for over twenty years. At times, Mr. Cho has attended religious services at Mr. Lee's church in Queens. Until the COVID-19 pandemic, Mr. Lee regularly ministered at Gangsung Presbyterian Church of New York, located at 638 Bayside Street, Bayside, New York. As a result of the pandemic limiting his ability to minister, Mr. Lee presently has no income beyond unemployment insurance and payments from a Small Business Administration loan to his church, but he is nonetheless willing to cosign the bond. Mr. Lee is a U.S. citizen.

Accordingly, Mr. Cho proposes the bail package laid out in the Bail Application, supplemented by Mr. Song and Mr. Lee serving as additional cosigners of the bond.

II. <u>Quarantine Restrictions and IRS Agent Visit</u>

As set forth in the Bail Application, Mr. Cho suffers from serious medical conditions—including Type II Diabetes, high blood pressure, and asthma—which place him at high risk of suffering severe illness or death in the event he contracts COVID-19. *See* Ex. B at 2. Concerningly, Mr. Cho's health may be deteriorating, according to his elevated glucose levels reflected in his MDC medical records.

Perhaps due to these health conditions,[1] Mr. Cho continues to be held in quarantine at the MDC, over five weeks after his arrest. As a result, though we represent Mr. Cho in this criminal case, we have been entirely prohibited from visiting him in person from day one, and our electronic interactions with him have been extremely limited. This has dramatically inhibited our ability to defend Mr. Cho and his ability to communicate with others, including potential sureties. In addition, to our knowledge, Mr. Cho has yet to receive any of the substantial discovery in this case and thus has not seen any of the evidence against him, despite the fact that he was arrested over a month ago, and the Government first made a discovery production to counsel on February 2, 2021.[2]

There is little reason to believe that these harsh restrictions on Mr. Cho's ability to assist in his defense will abate. Shockingly, despite the quarantine, which the MDC has asserted as the reason to prevent Mr. Cho from meeting with his counsel, the MDC recently permitted an IRS criminal enforcement agent to meet in person with Mr. Cho, without notice to Mr. Cho's attorneys or the prosecutors. After that visit, which certainly violated the "quarantine" and may have violated the Fifth and Sixth Amendments to the U.S. Constitution, the MDC extended Mr. Cho's quarantine for another 21 days, further inhibiting his ability to defend himself.

We first learned of the IRS agent's visit during an attorney-client call with Mr. Cho, days after it had taken place. On behalf of Mr. Cho, we directly contacted counsel for the IRS and for the MDC to request an explanation for this inexplicable and deeply concerning meeting. Why was a federal criminal enforcement agent permitted to meet with a represented criminal defendant without notice to his counsel or even the U.S. Attorney's Office? Why does quarantine apply only to defense counsel but not to law enforcement agents? Why was Mr. Cho's quarantine extended? Counsel for the IRS refused to answer our questions; the MDC attorney did not even bother to respond. And despite repeated requests, we have yet to receive any assurance from the IRS or the MDC that this sort of unauthorized contact will not take place again.

We remain very concerned for Mr. Cho's health and safety in the MDC, and are extremely troubled that he remains unable to meaningfully assist in his defense. In light of the foregoing, and for the reasons set forth in the Bail Application, we respectfully submit that Mr. Cho should be released pending trial, as the proposed conditions are more than sufficient to reasonably assure his appearance in court.

Alternatively, were the Court not to grant this motion under 18 U.S.C. 3142(c), we respectfully request that Mr. Cho nevertheless be granted temporary release, pursuant to § 3142(i), because the current COVID-19 outbreak at the MDC, his medical conditions, and the need for Mr. Cho to assist in the preparation of his defense present compelling reasons for release.

---

[1] The MDC has refused to respond to requests for information regarding the basis for Mr. Cho's quarantine.
[2] The Government has informed us that it delivered a hard drive containing discovery material to the MDC on Friday, February 26. To our knowledge, however, Mr. Cho has not yet been given access to the hard drive.

Finally, we respectfully request a hearing as to the basis for the MDC to hold Mr. Cho "in quarantine" in order to deny him from meeting with counsel, but at the same time breaking that "quarantine" to permit government agents to meet with Mr. Cho in person, in potential violation of the Fifth and Sixth Amendments to the U.S. Constitution, and all while refusing to explain its grounds for such actions.

                                                Respectfully submitted,

                                                */s/ Marshall L. Miller*
                                                Marshall L. Miller
                                                Shawn G. Crowley
                                                Andrew L. Chesley
                                                KAPLAN HECKER & FINK LLP
                                                350 Fifth Avenue, Suite 7110
                                                New York, New York 10118
                                                Telephone: (212) 763-0883
                                                mmiller@kaplanhecker.com
                                                scrowley@kaplanhecker.com
                                                achesley@kaplanhecker.com

                                                *Counsel for Bryan Cho*

cc:      (by ECF)

Assistant United States Attorneys Elizabeth Geddes and Turner Buford