KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    929-294-2545
DIRECT EMAIL  mmiller@kaplanhecker.com

March 16, 2021

**BY EMAIL**

Elizabeth A. Geddes, Esq.
F. Turner Buford, Esq.
Assistant United States Attorneys
United States Attorney's Office
225 Cadman Plaza
Brooklyn, New York 11201

         Re:   *U.S. v. Bryan Cho*, **21 Cr. 040 (AMD) (E.D.N.Y.)**

Dear Ms. Geddes and Mr. Buford:

  Pursuant to the Federal Rules of Criminal Procedure and applicable case law including *Brady v. Maryland*, 373 U.S. 83 (1963), and consistent with the requirements of due process, Defendant Bryan Cho ("Defendant") requests the production of all discovery, including but not limited to the material described below.[1] We understand that production by the Government is ongoing, and we may have additional requests in the future.

  To the extent that certain of the requests apply to information or disclosures that concern future hearing or trial testimony or other information that the Government does not now have in its possession, custody, or control, we request that those be produced as soon as the Government does come into possession, custody, or control of that information. Each of the following requests is of a continuing nature and calls for supplementation as soon as the Government discovers additional responsive evidence, information, or material.

  1.  <u>Defendant's Prior Record</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Defendant requests that the Government provide a copy of any prior criminal record of Defendant, which is within the Government's possession, custody, or control or which the Government through the exercise of due diligence could know exists.

---

[1] The term "material" in this letter should be understood to convey its broadest possible meaning, to include, without being limited to, documents, communications, objects, data, opinions, and information that has not been recorded.

2.  <u>Statements</u>:

    a.  Defendant's oral statements pursuant to Fed. R. Crim. P. 16(a)(1)(A), including, but not limited to, any notes, memoranda, or summaries describing or referencing such statements;

    b.  Defendant's written or recorded statements that are within the Government's possession, custody, or control pursuant to Fed. R. Crim. P. 16(a)(1)(B), including, but not limited to, any notes, memoranda, or summaries describing or referencing such statements;

    c.  Statements of alleged Co-Conspirators, which the Government may assert are admissible under Fed. R. Evid. 801(d)(2)(E) including, but not limited to, any notes, memoranda, or summaries describing or referencing such statements;

    d.  Statements of Government Witnesses who have testified on direct examination pursuant to, and as limited by, Fed. R. Crim. P. 26.2;

    e.  Catch-All Hearsay Exceptions: Rule 807 requires notice of intent to offer hearsay statements under the catch-all exception; and

    f.  *Bruton* Statements: Statements that may be admissible against any indicted or unindicted co-defendant, including, but not limited to, any notes, memoranda, or summaries describing or referencing such statements.

3.  <u>Objects</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Defendant requests the opportunity to inspect and copy tangible objects within the Government's possession, custody, or control, which fall within the scope of the Rule.

4.  <u>Reports of Examinations and Tests</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Defendant requests the opportunity to inspect and copy the results or reports of any physical or mental examination as provided for in the Rule.

5.  <u>Expert Witnesses</u>: Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Defendant requests disclosure of any expert witnesses, a summary of the testimony they will offer, the bases and reasons for those opinions, and the witness's qualifications.

6.  <u>Electronic Surveillance and Recorded Statements</u>: Defendant requests all evidence derived by electronic surveillance and all statements made by Defendant and co-conspirators during tape-recorded, wire-tapped, or eavesdropped conversations. This request includes disclosure of any logs, tapes, transcripts, notes, and memoranda of any conversations.

7.  <u>Arrest Reports, Notes, Or Any Recording</u>: Defendant requests any arrest or investigation reports, notes, and any recording of his arrest and any questioning.

8. <u>Disclosure of Informants or Cooperating Witnesses</u>: Pursuant to Fed. R. Crim. P. 12 and 16, *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and other applicable case law, Defendant requests information regarding the informants or witnesses who provided information in this case. This information should include, at a minimum, the identity of any informants or cooperating witnesses and their location.

9. <u>Promises and Plea Bargains of Government Witnesses</u>: Pursuant to Fed. R. Crim. P. 12 and 16, *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and *Giglio v. United States,* 405 U.S. 150, 154 (1972), Defendant requests disclosure of any promises, whether express or implied, direct or indirect, of any benefit to be conferred, including a monetary benefit, and/or assurance not to prosecute or leniency made in writing or orally to such persons and the substance of any statements or discussions regarding leniency, compensation, or assurance not to prosecute. Any record of such should be disclosed.

10. <u>Disclosure of Information Regarding Government Witnesses</u>: Pursuant to *Brady v. Maryland,* 373 U.S. 83, 87 (1963), *Giglio v. United States,* 405 U.S. 150, 154 (1972), and related authority, and without limiting the requisite disclosures in any way, Defendant requests the following information regarding Government witnesses:

    a. Witness names and addresses;

    b. Evidence of bias or motive to lie;

    c. Impeachment evidence;

    d. Evidence of any charges, indictments, criminal investigation, probation, parole, or offenses known to the Government for which any witness or potential witness has not been charged; and

    e. Evidence tending to show that any prospective witness' perception, recollection, ability to communicate or tell the truth is impaired.

11. <u>Evidence of Other Crimes, Wrongs, or Acts</u>: Defendant requests any and all material that the Government may offer pursuant to Federal Rule of Evidence 404(b).

12. <u>Exculpatory and Impeaching Evidence</u>: Pursuant to *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and related authority, Defendant requests any and all material known to the Government, or which may become known to the Government, or which through due diligence may be learned from the investigating officers of the Government or the witnesses or persons having knowledge of this case that is exculpatory in nature or favorable to Defendant or that may serve to mitigate punishment. We note that this request includes, but is not limited to:

a. Material related to any Department of Justice and/or Internal Revenue Service ("IRS") investigation(s) of ▮▮▮▮▮▮ and/or ▮▮▮▮▮▮.

b. Material related to any Department of Justice and/or IRS investigation(s) of ▮▮▮, the ▮▮▮, or ▮▮▮ that Defendant participated in;

c. All communications of any form between Defendant and South Korean officials;

d. Material relating to any employment position of Defendant, work assignment received by Defendant, or work conducted by Defendant that relates to South Korea, including but not limited to: investigations relating in any way to South Korea; legal assistance requests from the U.S. to South Korea; legal assistance requests from South Korea to the U.S.; negotiations or consultations regarding treaties, formal agreements, or informal agreements between the U.S. and South Korea; official travel to South Korea, including but not limited to assignments associated with such travel; and meetings with South Korean officials;

e. Material related to the contact Defendant received from a South Korean prosecutor in or about February 2018 referenced in CHO000000001 (the "Contact"), including, but not limited to: electronic correspondence, notes, memoranda, or any other communications referencing or describing the Contact, as well as information not reduced to writing related to the Contact; Defendant's reporting or discussion of the Contact with anyone in the U.S. Government; documents or information relation to meetings or contacts by agents of the U.S. Government, including but not limited to agents of the DOJ, FBI, Treasury Department, and State Departments, with South Korean officials about the Contact;

f. Request(s) made by the Department of Justice ("DOJ") to foreign governments pursuant to a mutual legal assistance treaty ("MLAT") for material or information relating to Defendant, and any material provided in response to such requests, including, but not limited to, the MLAT to South Korea referenced in search warrant applications in this action (*see, e.g.*, CHO000026894);

g. Personnel files associated with Defendant and material contained therein, including but not limited to performance reviews and discussion of Defendant's work;

h. Any files related to investigations of Defendant by the Department of Treasury's Office of the Inspector General and/or the DOJ's Office of

    Professional Responsibility, or, if no such investigations were conducted, a written confirmation of that fact; and

  i. Material related to the Office of Personnel Management, National Background Investigations Bureau ("NBIB") May 2019 background investigation (the "2019 Background Investigation") of Defendant, including, but not limited to:

    i. The identities, titles, and employment statuses of the investigator(s) who conducted the May 21, 2019 interview of the Defendant, the May 21, 2019 interview of IRS Supervisory Special Agent ▆▆, and the May 21, 2019 interview of IRS Special Agent ▆▆ (collectively, the "2019 Background Interviews");

    ii. All reports, notes, summaries, and/or correspondence relating to the 2019 Background Interviews prepared by the investigators who conducted the interviews or any other NBIB employee or contracted employees;

    iii. All reports, notes, summaries, and/or correspondence relating to the decision to issue Defendant a security clearance following the 2019 Background Interviews;

    iv. All NBIB policies and procedures applicable to the 2019 Background Interviews, including guidance and training material provided to the investigator(s) who conducted the 2019 Background Interviews.

13. <u>Jencks Act Material</u>: Defendant requests pretrial production of material to which he is entitled pursuant to Fed R. Crim. P. Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500.

14. <u>Self-Authenticating Records</u>: Defendant requests notice of all certified records and data that the Government intends to offer under Fed, R. Evid. 902(11)-(14), including disclosure of the records and data, as well as the certifications.

15. <u>Classified Material</u>: Defendant requests that the Government conduct prudential searches for classified material that are subject to disclosure pursuant to Fed. R. Crim. P. 16, *Brady, Giglio,* and/or the Jencks Act, and in the possession of the DOJ (including the Federal Bureau of Investigation) and any relevant components of the United States Intelligence Community. *See* DOJ Criminal Resource Manual 2052. We are prepared to meet and confer to discuss the scope of these searches, but request that they include, at a minimum, the following:

  a. <u>Material related to any U.S. or South Korean investigation(s) of ▆▆</u>

KAPLAN HECKER & FINK LLP
[REDACTED] or [REDACTED]

    b.    Material reflecting determinations, discussions, and/or deliberations by the DOJ and/or the U.S. Intelligence Community regarding engagement by South Korean officials and agencies in politically motivated investigations and/or prosecutions of its former political leaders, including but not limited to [REDACTED]; and

    c.    Material relating to Defendant and/or Defendant's relatives, including but not limited to contact with foreign government officials, overseas travel, and U.S. or South Korean investigation of Defendant and/or his relatives.

Thank you for your prompt attention to these requests.

Sincerely,

*Marshall L. Miller*
Marshall L. Miller
Shawn G. Crowley
Andrew Chelsey

cc:    Clerk of the Court (AMD) (by ECF) (with redactions agreed upon with government)