KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    929-294-2545
DIRECT EMAIL  mmiller@kaplanhecker.com

March 30, 2021

**BY EMAIL**

Elizabeth A. Geddes, Esq.
F. Turner Buford, Esq.
Assistant United States Attorneys
United States Attorney's Office
225 Cadman Plaza
Brooklyn, New York 11201

       *Re:*  *U.S. v. Bryan Cho*, 21 Cr. 040 (AMD) (E.D.N.Y.)

Dear Ms. Geddes and Mr. Buford:

  Thank you for taking the time on Friday to confer regarding the discovery requests in our March 16, 2021 Discovery Letter (the "Discovery Letter") and our request for more particulars relating to the above-captioned indictment, pursuant to Local Criminal Rule 16.1. As discussed during our call, we write to renew each of the discovery requests contained in the Discovery Letter and provide additional detail as to certain of the requests. We also look forward to receiving the additional particulars that you agreed to provide regarding the indictment.

  *First*, in renewing our request, set forth in paragraph 12(i) of the Discovery Letter, for materials related to Mr. Cho's most recent periodic background investigation, we note that the Discovery Letter requested: the identity of the investigator(s); all reports, notes, summaries, or correspondence related to the background investigation and the decision to permit Mr. Cho's continued employment following the background investigation; and all policies and procedures applicable to background investigations.

  As discussed on our phone call, the request in paragraph 12(i) specifically includes, but is not limited to:

1. notes, summaries, or memos describing Mr. Cho's responses to questions he was asked during the background investigation, including notes that suggest any differences between what Mr. Cho told the investigator and what was ultimately included in the investigator's report;

2. statements or notes by the investigator indicating or implying that he believed Mr. Cho may not be making a false statement;

3. strategic discussions regarding the interview, including any communications the investigator had with criminal investigative agents or prosecutors; and

4. recommendations or decisions whether to approve Mr. Cho's continued employment after the background investigation was complete.

The foregoing material, if it exists, would be exculpatory as to the false statement charges.

*Second*, to reiterate a request made on our call and in the Discovery Letter, we request all emails, documents, witness statements and/or notes of interviews that contain or constitute *Brady* material, as described in the Discovery Letter, including, but not limited to, notes, memoranda, and/or reports of interviews of Internal Revenue Service ("IRS") Special Agent ▇▇▇▇▇, which you acknowledged during the call may contain information that is relevant and/or helpful to Mr. Cho's defense.

Given the volume of discovery material in this case, we respectfully request that the government proactively identify all *Brady* material. *See United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013). As noted on the call, thus far, the government has failed to identify *Brady* material in its discovery letters, and we respectfully request that the Government do so going forward.

*Third*, we reiterate that material (as that term is defined in the Discovery Letter) concerning Mr. Cho's involvement in IRS investigations of Korean individuals and companies and his authorized communications with Korean intelligence, law enforcement, and tax authorities is potentially exculpatory, and we are therefore entitled to discovery of such material. As we explained on the call, there is significant reason to believe that South Korean officials are politically motivated to attack and undermine investigations that Mr. Cho participated in at the IRS and that Mr. Cho is being targeted by political forces in South Korea. Records of Mr. Cho's South Korea-related investigations are therefore relevant—indeed, critical—to the preparation of a defense. In addition, as we noted on the call, we request production of the delegation order authorizing Mr. Cho's work with South Korean officials to jointly investigate and develop tax cases, as well as documentation of his appointment as an emerging market coordinator for the IRS.

*Fourth*, for the reasons discussed on our call and set forth in the Discovery Letter, the Government is obligated to perform prudential searches of classified materials within the custody of the U.S. Intelligence Community ("USIC"), including the Federal Bureau of Investigation ("FBI"), and to produce any discoverable material that those searches locate. As discussed, the FBI is a member of the prosecution and investigative team in this case; since the indictment charges that Mr. Cho received payments from foreign officials while serving as an IRS agent, *see* Indictment, ¶ 2, it is unfathomable that the FBI—the USIC's lead counterintelligence organization—would have no counterintelligence material associated with Mr. Cho. To the extent no such documents exist, that should be disclosed as well, as it would demonstrate the

lack of evidence associated with the Government's allegations. In addition, as discussed during our call, Mr. Cho had authorized contact with members of the USIC and foreign intelligence counterparts in the course of his work on relevant matters, increasing the likelihood that a prudential search will yield discoverable material. Finally, these searches are necessary to determine if there are classified references to Mr. Cho's work with South Korea and to the politically motivated nature of prosecutions and investigations in South Korea. If members of the USIC assessed that Mr. Cho was the recipient of bribes from the South Korean government—or that he has been targeted by the South Korean government in a politically-motivated attack—there would certainly be a record of those assessments in classified materials. These materials are readily available to the Government and must be searched, both as a function of fundamental fairness and as required by DOJ policy. *See* DOJ Criminal Resource Manual 2052. The Government should then confirm to us and to the Court whether such searches have been performed.

While we understand that Mr. Cho has not been charged with receiving bribes, you have relied on the allegation repeatedly throughout this case, including in the Indictment (at ¶ 2), in search warrant applications, and in your detention motion (at p.2 n.4). You also acknowledged during our call that you intend to introduce evidence at trial that Mr. Cho was contacted by South Korean officials because he was the target of a bribery investigation. Whether or not you intend to offer this evidence "for its truth," and putting aside for now the extreme prejudice Mr. Cho would suffer if such an assertion were made at trial, Mr. Cho has a right to obtain discovery necessary to rebut the false allegation that he was ever involved in any bribery scheme.

Thank you for your prompt attention to these requests.

Sincerely,

Marshall L. Miller
Shawn G. Crowley
Andrew Chelsey

cc: Clerk of the Court (AMD) (by ECF) (with redactions agreed upon with Government)