KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    929-294-2545
DIRECT EMAIL  mmiller@kaplanhecker.com

July 19, 2021

**BY EMAIL AND ECF**

Elizabeth A. Geddes, Esq.
F. Turner Buford, Esq.
Assistant United States Attorneys
United States Attorney's Office
225 Cadman Plaza
Brooklyn, New York 11201

      *Re:*    *U.S. v. Bryan Cho*, 21 Cr. 040 (AMD) (E.D.N.Y.)

Dear Ms. Geddes and Mr. Buford:

      Thank you for speaking to us about our discovery requests that pertain to the references to bribery set forth in the second paragraph of the Indictment and referred to in the limited South Korean MLAT materials included in your June 8, 2021 discovery production (CHO000029278-794). As we explained on our call and subsequent email correspondence, to the extent the Government intends to rely on those MLAT materials at sentencing or otherwise allege or present any evidence that Mr. Cho or members of his family allegedly received payments from South Korean officials, we would reiterate our outstanding requests for several categories of discovery identified in our March 16, 2021 and March 30, 2021 Discovery Letters, and we would request additional materials for disclosure as soon as possible.

      We set forth below the outstanding discovery requests, as well as additional requests based on the limited set of MLAT-related materials included in the June 8 production. The materials requested herein are of paramount importance given the incomplete and unreliable nature of the discovery the Government has produced thus far relating to alleged bribery in South Korea. To date, and notwithstanding that we have been requesting these materials for more than four months, the *only* documents we have received concerning any alleged involvement by Mr. Cho in a bribery scheme in South Korea are draft translations of redacted transcripts apparently reflecting testimony and interviews by four witnesses in connection with cases brought by the Seoul Central District Prosecutor's Office against individuals other than Mr. Cho. Not only are the transcripts redacted and thus incomplete, but the testimony reflected in them is inconsistent on its face. Indeed, we understand based on our own research (which we presented to the Government almost a year ago) that the South Korean prosecutions ended in judgments of

acquittal, and that the Seoul Central District Court found each of the Korean government witnesses whose testimony is reflected in the transcripts to be incredible. The Government has provided us no other information or documents shedding any light whatsoever into what occurred in the South Korean proceedings. To the extent the Government intends to rely upon or reference at sentencing testimony that has been discredited, or criminal prosecutions that ended in judgments of acquittal, we are plainly entitled to the full record of those proceedings. *See Cardoso v. United States*, 642 F. Supp. 2d 251, 262 (S.D.N.Y. 2009) ("The government's obligation to disclose *Brady* evidence extends through sentencing."), *aff'd sub nom. United States v. Solano*, 402 F. App'x 569 (2d Cir. 2010); *see also* United States Department of Justice, Criminal Justice Manual § 9-5.150 ("Exculpatory and impeachment information that casts doubt upon proof of an aggravating factor at sentencing, but that does not relate to proof of guilt, must be disclosed no later than the court's initial presentence investigation.").

*First*, we renew the following requests set forth in Paragraph 12 of our March 16, 2021 Discovery Letter, which have now been pending for four months:

- 12(a): Material related to any Department of Justice and/or Internal Revenue Service ("IRS") investigation(s) of ███████████████████████████ and/or ███████████;

- 12(c): All communications of any form between Defendant and South Korean officials;

- 12(d): Material relating to any employment position of Defendant, work assignment received by Defendant, or work conducted by Defendant that relates to South Korea, including but not limited to: investigations relating in any way to South Korea; legal assistance requests from the U.S. to South Korea; legal assistance requests from South Korea to the U.S.; negotiations or consultations regarding treaties, formal agreements, or informal agreements between the U.S. and South Korea; official travel to South Korea, including but not limited to assignments associated with such travel; and meetings with South Korean officials;

- 12(e): Material related to the contact Defendant received from a South Korean prosecutor in or about February 2018 referenced in CHO000000001 (the "Contact"), including, but not limited to: electronic correspondence, notes, memoranda, or any other communications referencing or describing the Contact, as well as information not reduced to writing related to the Contact; Defendant's reporting or discussion of the Contact with anyone in the U.S. Government; documents or information relation to meetings or contacts by agents of the U.S. Government, including but not limited to agents of the Department of Justice ("DOJ"), the Federal Bureau of Investigation "(FBI"), the Treasury Department, and the State Department, with South Korean officials about the Contact;

*Second*, we renew our request for the Government to perform prudential searches of classified materials within the custody of the U.S. Intelligence Community ("USIC"), including the FBI, and to produce any discoverable material that those searches locate. Specifically, we refer to the requests laid out in Paragraph 15 of our March 16, 2021 Discovery Letter, which have also been pending for four months:

- 15(a): Material related to any U.S. or South Korean investigation(s) of ▮▮▮▮▮ or ▮▮▮;

- 15(b): Material reflecting determinations, discussions, and/or deliberations by the DOJ and/or the USIC regarding engagement by South Korean officials and agencies in politically motivated investigations and/or prosecutions of its former political leaders, including but not limited to ▮▮▮▮; and

- 15(c): Material relating to Defendant and/or Defendant's relatives, including but not limited to contact with foreign government officials, overseas travel, and U.S. or South Korean investigation of Defendant and/or his relatives.

To the extent that no such materials exist, that must be disclosed as well, as it would demonstrate the lack of evidence associated with the bribery allegations and/or Mr. Cho's alleged involvement, and therefore plainly constitutes *Brady* material.

 *Third*, we supplement the above requests with the following additional requests based on a preliminary review of the MLAT materials included in the June 8 production:

- Unredacted copies of the transcripts produced with redactions as CHO000029278, CHO000029339, CHO000029377, and CHO000029427 (the "Transcripts") and full translations of the unredacted Transcripts;

- Information relating to the circumstances surrounding the witness statements and testimony set forth in the Transcripts, including whether each of the witnesses whose statements and testimony is reflected in the Transcripts were permitted to have counsel present for his or her interviews and/or testimony and whether counsel was in fact present during the interview and/or testimony;

- The names and contact information for any lawyers who represented ▮▮▮▮▮▮▮▮, and ▮▮▮▮ in connection with the Seoul Central District Prosecutor's Office's investigation;

- *Giglio* material relating to ▮▮▮▮▮▮▮▮▮▮, and ▮▮▮ (witnesses examined and interviewed in transcripts provided by Seoul Central District Prosecutor's Office), including but not limited to, records reflecting any other contact, communications, and/or agreements between the witnesses and South Korean law enforcement;

- All documents referenced in the Transcripts, including but not limited to:

    o The photographs of women referred to on pages 3 and 16 of the ▮▮▮ transcript;

    o The "Project cost execution detail" document referred to on page 5 of the ▮▮▮ transcript;

- - The "▮▮▮▮▮▮▮▮▮▮ Status Report" document excerpted on pages 30-31 of the ▮▮▮▮▮▮ transcript;
- All reports and transcripts of any other testimony, interviews, or witness statements by ▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮;
- English translations of all court transcripts, testimony, orders, judgments, and other documents from the Seoul Central District Prosecutor's Office's cases against ▮▮▮▮▮▮ and ▮▮▮▮▮▮, including the full judgments of acquittal at both the first and appeal trials, as well as all documents relating to any subsequent or prior proceedings;
- Information relating to the current status of Seoul Central District Prosecutor's Office's cases against ▮▮▮▮▮▮ and ▮▮▮▮▮▮;
- Information regarding whether charges were ever filed against ▮▮▮▮▮▮ and the filing of and lifting of the no-travel order against her;
- As an addition to request 12(a) above, any materials related to DOJ or Internal Revenue Service ("IRS") investigations of ▮▮▮▮▮▮▮▮▮▮, or ▮▮▮▮▮▮; and
- As an addition to request 12(e) above, any records of discussions within the Seoul Central District Prosecutor's Office regarding the email produced as CHO000000001 or later correspondence from the Seoul Central District Prosecutor's Office to the DOJ or IRS that referenced that email or the breach of protocol the email identified.

Thank you for your prompt attention to these requests.

Sincerely,

Marshall L. Miller
Shawn G. Crowley
Andrew Chelsey

cc: Clerk of the Court (AMD) (by ECF) (with redactions agreed upon with Government)