

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG
F. #2018R02344

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 27, 2021

By ECF

The Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Bryan Cho
                  Criminal Docket No. 21-40 (AMD)

Dear Judge Donnelly,

        The government respectfully requests that the Court adjourn the sentencing of Bryan Cho until a date after the conclusion of the trial in United States v. Robert Kelly, Criminal Docket No. 19-286 (S-3) (AMD).[1]  Sentencing is currently scheduled for September 17, 2021 at 2:30 p.m.  The government is requesting the adjournment to allow the government to prepare its sentencing submission to the Court.  The government had contacted defense counsel and understands that they do not consent to the adjournment.

        First, the government seeks additional time to prepare its sentencing memorandum.  The defendant pleaded guilty to two offenses, but the government reserved the right to seek a sentence above the applicable guidelines range determined by the Court.  At sentencing, the government intends to present evidence of the additional conduct by the defendant and anticipates that the defendant may seek a Fatico hearing as to some of that conduct.  For example, the government intends to present evidence that the defendant accepted bribes from officials in the South Korean government and that the defendant used

---

[1]    The other assigned prosecutor, Turner Buford, is scheduled to begin a three-week trial in United States v. O'Sullivan, et al., Criminal Docket No. 20- 272 (PKC), although that trial may be adjourned due to another trial scheduled to commence the same date.

illicit proceeds to purchase the cooperative apartment in Manhattan where the defendant and his family lived prior to the defendant's arrest.

Second, the government seeks additional time to disclose to the defendant and present to the Court evidence of newly-discovered conduct. For example, in its motion for detention, the government advised that the defendant had been in communication with two entities providing foreign residency and citizenship in exchange for a monetary payment. At a prior court proceeding where the defendant sought bail, the defendant through counsel represented that he had erroneously clicked on a link relating to those entities and never sought to pursue any such investment. Today, the government received documentation showing that the defendant in fact communicated with one of those entities, provided copies of his and his wife's identification documents and represented to it that he had made an initial payment (which appears to be a payment of $20,000). This information is relevant because it tends to show that the defendant did in fact take steps to flee the United States and, perhaps more importantly, that the defendant has demonstrated a lack of candor with the Court.

Moreover, the defendant will not be prejudiced by the adjournment. The defendant Bryan Cho has pleaded guilty to two offenses, including one that carries a mandatory minimum sentence of two years, and he will not serve any more time than necessary as a result of the adjournment.

                                                Respectfully submitted,

                                                JACQUELYN M. KASULIS
                                                Acting United States Attorney

By:    /s/_____
       Elizabeth Geddes
       Assistant U.S. Attorney
       (718) 254-6430